UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| The National Council for Incarcerated and Formerly Incarcerated Women and Girls, Inc., <br><br> PLAINTIFF; <br><br> v. <br><br> Royale Blue Hospitality, LLC, d/b/a the El Conquistador Resort, <br><br> DEFENDANT. | Docket No.: 1:25-cv-11889 |

## COMPLAINT AND JURY DEMAND

### Introduction

1. Plaintiff, The National Council for Incarcerated and Formerly Incarcerated Women and Girls ("The National Council") brings this action against Defendant Royale Blue Hospitality, LLC d/b/a the El Conquistador Resort (the "El Conquistador") in Fajardo, Puerto Rico.

2. The National Council is a Massachusetts-based, not-for-profit organization that advocates for incarcerated and formerly incarcerated women and girls.

3. The National Council sought to hold its annual conference at Defendant's El Conquistador Resort in Puerto Rico in October 2023.

4. In various meetings agents of the El Conquistador knowingly and falsely represented to The National Council that it had the capacity at its hotel to host the event.

5. Based on the El Conquistador's false representations, The National Council signed an agreement to host its event at the resort and provided a deposit of $164,781.

1

6. Shortly after The National Council advertised the event to potential conference attendees, The National Council discovered that those who attempted to book rooms were informed by the El Conquistador staff that no rooms were available at the hotel.

7. Because the El Conquistador did not have the capacity to hold The National Council's conference and concealed that fact for months, The National Council was forced to move its conference at the last moment to a different venue.

8. The National Council suffered significant damages as a result of the El Conquistador's misrepresentations including El Conquistador's refusal to return The National Council's $164,781.

### Jurisdiction

9. This Court has jurisdiction over this matter under 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

10. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims took place in Massachusetts.

### Parties

11. Plaintiff is The National Council for Incarcerated and Formerly Incarcerated Women and Girls, a 26 U.S.C. 501(c)(3) tax exempt non-profit corporation. It was incorporated pursuant to the laws of Massachusetts and is headquartered in Roxbury, Massachusetts.

12. Defendant is Royal Blue Hospitality, LLC, a Limited Liability Corporation organized under the laws of Puerto Rico, doing business as The El Conquistador Resort. Its principal place of business is in Fajardo, Puerto Rico.

**Statement of Facts**

13. The El Conquistador is a resort and conference center in Fajardo, Puerto Rico.

14. It advertises its ability to hold large conferences in its written materials, online posts, online advertisements, social media, and through its traveling sales representatives.

15. The resort offers full conference packages that include event planning services, conference space, hotel rooms, catered food and drink, audio-visual equipment and services, *et cetera*.

16. In 2017, Hurricane Maria caused the El Conquistador significant damage. It closed for four years, reopening in 2021 with 230 of its approximately 700 original rooms available for booking.

17. The El Conquistador, to this day, continues renovations to reach its original capacity.

18. The National Council is a small non-profit based in Roxbury, Massachusetts. Its sole mission is to advocate for incarcerated and formerly incarcerated women and girls.

19. Each year, The National Council holds its FreeHer Conference. Past conferences have drawn close to 1,000 people from all over the world.

20. The National Council holds the FreeHer Conference to further its core mission. The conference's purpose is to educate, facilitate collaboration, and advocate for the interests of incarcerated and formerly incarcerated women and girls.

21. The National Council typically holds its FreeHer Conference at large resorts or hotels with conference space.

22. In early 2023, The National Council expressed interest in holding the FreeHer Conference at the El Conquistador. The resort's Director of National Accounts, Pia Carpenter, contacted The National Council.

23. Ms. Carpenter worked for the El Conquistador out of New York City. She was the El Conquistador's group sales representative covering the Mid-Atlantic and Northeast regions of the United States, which included Massachusetts.

24. Ms. Carpenter's responsibilities included soliciting the business of large groups in her assigned regions on behalf of the El Conquistador.

25. In this capacity she often traveled to meet with prospective clients of the El Conquistador to solicit their business. Her travel included numerous trips to Massachusetts.

26. In her attempts to solicit The National Council's business, Ms. Carpenter phoned Kimberly Newson, The National Council's Executive Assistant to the Executive Director.

27. Ms. Newson explained to Ms. Carpenter that The National Council expected the FreeHer Conference—scheduled from October 5 to 8, 2023—to draw 600 people from around the world. It would include speakers, panels, small-group discussions, and group meals.

28. The FreeHer event would require conference space, audio-visual services, food, and accommodations for its 600 attendees.

29. The National Council planned to pay for a block of rooms for its staff, speakers at the event, and sponsored attendees. The remainder of the 600 attendees would book their rooms through the hotel's normal channels.

30. In the following days, Ms. Carpenter asked whether The National Council had a local contingent because it sought conference space for 600 people but only planned to pay for 170 hotel rooms.

31. Ms. Newson explained that The National Council did not have a local contingent. It planned to fund rooms for certain attendees and participants, including staff, but would

need hotel capacity for the remainder of its 600 attendees. Those remaining attendees would pay for rooms themselves.

32. Ms. Carpenter confirmed that the El Conquistador would have capacity for all 600 attendees to stay at the hotel during the FreeHer Conference.

33. Over the following months, representatives of The National Council and the El Conquistador continued discussing holding the FreeHer Conference at the Resort.

34. Representatives of the El Conquistador, including Ms. Carpenter, repeatedly told The National Council's representatives that the hotel would have ample capacity for all 600 conference attendees.

35. In the spring of 2023, Ms. Carpenter traveled to Boston, Massachusetts to solicit The National Council's business and to continue to discuss the FreeHer Conference.

36. Ms. Carpenter met with Andrea James, The National Council's founder and Executive Director, in Boston, Massachusetts where they discussed the FreeHer Conference.

37. Ms. Carpenter assured Ms. James that the El Conquistador would have the capacity for all 600 conference attendees to stay at the hotel.

38. Ms. Carpenter also invited Ms. James to a dinner in a private dining room at a Boston restaurant and a musical where she continued to solicit The National Council's business.

39. In March 2023, the El Conquistador paid for Ms. James to travel to the resort for a walk-through.

40. Ms. James met with Ms. Carpenter; Jack Slim, the El Conquistador's General Manager; and Louis Mendez, its Director of Sales and Marketing.

41. During the walk-through, Ms. James noticed that much of the hotel still showed damage from Hurricane Maria and was under construction.

42. With many of the hotel rooms under construction Ms. James expressed her concern to Ms. Carpenter, Mr. Slim, and Mr. Mendez that it did not have capacity for all 600 attendees.

43. Ms. Carpenter, Mr. Slim, and Mr. Mendez assured Ms. James that the construction would be completed by October, that there would be plenty of capacity for all 600 attendees, and not to worry.

44. Based on these assurances, The National Council decided to hold its conference at the El Conquistador.

45. Throughout April 2023, the parties exchanged drafts of an agreement to hold the FreeHer Conference at the El Conquistador. The drafts included a block of 170 hotel rooms that the The National Council intended to fund for its staff, speakers, and sponsored attendees; a food package large enough for 600 people; and conference and meal spaces that could hold well over 600 people.

46. On May 15, 2023, Ms. James signed a final draft of an agreement to hold the FreeHer Conference (the "Agreement").

47. The Agreement provided that The National Council would fund 50 rooms for staff and others who needed to arrive a day before the conference on October 4 and then would fund a total 170 rooms during the conference. The Agreement also provided a food package for the total conference expected attendance of 600 people and conference and dining space for the same.

48. The Agreement provided The National Council with the option to reduce its number of rooms rented by a total 10%.

49. The Agreement also included a provision whereby the first 50 attendees whose rooms were not paid for by The National Council would receive a discounted rate.

50. The Agreement required that if The National Council were not to use any of its conference space or hotel rooms, the El Conquistador would use normal business practices to re-sell the space or rooms. Revenue from the re-sale would be credited against The National Council's costs.

51. The Agreement included a limited arbitration clause that provided:

> The parties agree that any dispute in any way arising out of or relating to this agreement, **other than disputes involving** patents, trademarks, trade dress, copyrights, trade secrets, false advertising, **false representation**, unfair competition, and/or infringement of intellectual property rights, will be resolved by arbitration to the American Arbitration Association pursuant to the organization's rules in the state and city in which the hotel is located and pursuant to that State's law as the governing law. The parties agree that any arbitration award will be enforceable in state or federal court. The prevailing party in any arbitration or court proceeding will be entitled to an award of its reasonable costs and attorney fees and pre and post judgment interest.

(Emphasis added) (Punctuation errors in original).

52. The parties intended to litigate "disputes involving … false representation…" in court.

53. In May, before representatives of the El Conquistador had signed the Agreement, Ms. James again traveled to the resort. She again expressed concern about the El Conquistador's capacity to house all 600 FreeHer Conference attendees. And again, Mr. Slim and Mr. Mendez assured her that the hotel had the necessary capacity.

54. On May 31, 2023, Mr. Mendez signed the Agreement, finalizing it.

55. Pursuant to the Agreement, The National Council wired the El Conquistador a $164,781 deposit.

56. Ms. Carpenter again traveled to Boston, Massachusetts on or about June 2023 and met with Ms. James. Again Ms. Carpenter reiterated to Ms. James that the hotel had plenty of space for all 600 attendees.

57. Around this same time, based on representations by the El Conquistador, The National Council expected the El Conquistador to create a link for the first 50 non-sponsored attendees to book rooms at a discounted rate pursuant to the Agreement.

58. A representative of The National Council requested the link in mid-June, but the El Conquistador did not provide it until mid-July, significantly delaying the registration process.

59. When the El Conquistador finally provided the link, it had inaccurate information.

60. Despite the Agreement's promise of 50 discounted rooms, there were only 24 available.

61. Those seeking to book rooms then called the El Conquistador to do so through its normal channels.

62. But when those attendees called, El Conquistador staff informed them that the hotel was sold out for the dates of the FreeHer Conference.

63. Alerted of the problem, Ms. James contacted Ms. Carpenter and told her The National Council was getting calls from those seeking to attend the conference that the hotel was sold out.

64. On July 25, 2023, Ms. James came to learn that the El Conquistador had booked another conference for the same weekend as the FreeHer Conference. Consequently, it did not have the capacity to hold the FreeHer Conference.

65. Ms. James sent a text message to Ms. Carpenter stating: "I explained the numbers for FreeHer and asked repeatedly of (sic) the hotel can accommodate the numbers. Clearly it can't."

66. Ms. Carpenter responded with a text, apparently meant for someone else, which read: "Why would we tell her there was another group? Ughhhhhhh".

67. Ms. James also confronted Mr. Slim with his and the others' misrepresentations. He did not deny them but instead told her: "It's my job to sell rooms."

68. Because the El Conquistador did not have the capacity, The National Council could not hold its conference there.

69. The National Council was forced to quickly find another venue for the FreeHer conference in Puerto Rico.

70. The National Council voided the Agreement with the El Conquistador for its false representations regarding its capacity.

71. Ms. James demanded return of The National Council's $164,781, which the El Conquistador refused to do.

72. The National Council attempted to exercise its option to reduce its number of rooms rented by 10% which the El Conquistador did not honor.

73. The National Council also refused to provide an accounting of any re-sold conference space or rooms as required by the Agreement.

74. Negotiations for the return of The National Council's deposit went on for several months but were not fruitful.

75. On May 19, 2025, The National Council, through its counsel, sent the El Conquistador a letter pursuant to M.G.L. c. 93A demanding the return of its deposit and damages.

76. On June 16, 2025, the El Conquistador, through its counsel responded, but failed to make any reasonable offer of settlement.

77. Instead, it demanded an additional $192,324 plus attorney's fees and interest.

78. Also on June 16, 2025, the El Conquistador filed a demand for arbitration with the American Arbitration Association ("AAA") in Puerto Rico, demanding a total of $357,105.00 plus interest and attorney's fees.

79. The deadline by which The National Council must respond to the El Conquistador's AAA demand is July 8, 2025.

## Claims

### COUNT I: Violation of Mass. Gen. L. c. 93A § 9.

80. Plaintiff repeats and incorporates the above paragraphs.

81. The National Council is a non-profit corporation, and the FreeHer Conference was in furtherance of The National Council's core charitable mission.

82. The El Conquistador knowingly made false representations to induce The National Council to enter into the Agreement to host the FreeHer conference at its resort knowing it did not have adequate capacity to host the event.

83. The El Conquistador's misrepresentations caused The National Council significant damages including loss of The National Council's $164,781 deposit, the costs of having to move the FreeHer Conference at the last moment, reputational harm, and other damages in an amount to be proved at trial.

84. When The National Council demanded the return of its deposit, the El Conquistador did not make a reasonable settlement offer. Instead, it demanded additional payment then

filed a claim with the American Arbitration Association demanding $357,105.00, which constitutes an additional violation of c. 93A.

85. Plaintiff is entitled to multiple damages and attorney's fees pursuant to c. 93A § 9.

### COUNT II: Fraudulent Misrepresentation.

86. Plaintiff repeats and incorporates the above paragraphs.

87. Defendant made false representations about the capacity of its hotel and ability to accommodate the FreeHer conference.

88. Defendant knew that its hotel did not have sufficient capacity for the FreeHer conference.

89. Defendant purposely made false statements to induce Plaintiff into signing the Agreement worth hundreds of thousands of dollars.

90. Plaintiff reasonably relied on Defendant's repeated false representations.

91. Defendant's misrepresentations caused Plaintiff significant damages including loss of The National Council's $164,781 deposit, the costs of having to move the FreeHer Conference at the last moment, reputational harm, and other damages in an amount to be proved at trial.

### COUNT III: Declaratory Judgment Pursuant to 28 U.S.C. § 2202

92. Plaintiff repeats and incorporates the above paragraphs.

93. A genuine and concrete dispute now exists as to whether Plaintiff's and Defendant's claims are exempted from the arbitration clause in the Agreement.

94. The Agreement included a limited arbitration clause.

95. The Arbitration Clause exempted from arbitration "disputes involving… false representation …."

11

96. Plaintiff has alleged that defendants induced it into the Agreement based on false representations.

97. The parties agreed that matters involving false representation would not be arbitrated.

98. Defendant filed a demand for arbitration with the AAA alleging Plaintiff's breach of the Agreement.

99. Defendant's arbitration claim necessarily involves the issue of whether it made false representations.

100. Accordingly, the Court should issue an order declaring that the Arbitration Clause applies to neither of the parties' claims, and that they must be litigated in court.

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiff requests that this Court:

1. Issue a preliminary and permeant injunction enjoining arbitration before the AAA.

2. Alternatively issue a stay of the arbitration proceedings pending in the AAA until this Court resolves the parties dispute in this Court;

3. Declare that the parties agreed not to arbitrate Plaintiff's claims or Defendants claims;

4. Award compensatory and punitive damages;

5. Award the costs of this action, including reasonable attorney's fees; and

6. Award such other further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

Plaintiff demands a jury trial.

[signature block on following page]

The National Council for Incarcerated and Formerly Incarcerated Women and Girls,

By its attorneys,

/s/ Jeffrey Wiesner
Jeffrey Wiesner, BBO No. 655814
Jennifer McKinnon, BBO No. 657758
Owen Woo, BBO No. 715886
Wiesner McKinnon LLP
88 Broad St., Ste. 503
Boston, MA 02110
Tel.: (617) 303-3940
Fax: (617) 507-7976
Email: jwiesner@jwjmlaw.com
          jmckinnon@jwjmlaw.com
          owoo@jwjmlaw.com

July 2, 2025